983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank C. DOERING, aka Carl Marty Doering, Defendant-Appellant.
 No. 91-50158.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided Jan. 19, 1993.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Doering contends that the district court erred when it sentenced him to five years' imprisonment by departing from the recommended Guideline range of 18-24 months. He claims (1) that the departure was unreasonable because it was based on factors that had been taken into account by the Guidelines, and (2) that the court failed to explain why the degree of departure was reasonable.
 
 
 3
 Doering pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The statutory maximum for that offense is 10 years' imprisonment. 18 U.S.C. § 924(a)(2). The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the sentence under 28 U.S.C. § 1291.
 
 
 4
 Whether a departure is permissible under the Guidelines on the grounds relied upon by the sentencing court is reviewed de novo. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991). If the court based the departure on factors that the Sentencing Commission already considered in formulating the Guidelines, then the departure is impermissible. Id. Whether the Commission considered the factors is subject to de novo review. Id. If the district court has authority to depart, the decision to depart or not is left to the district court's discretion. Id. The extent of departure is reviewed for reasonableness. Id. at 751; 18 U.S.C. § 3742(e)(3).
 
 
 5
 Doering argues that the court erred by basing its departure on its finding that the circumstances of Doering's offense were not taken into consideration by the Sentencing Commission in its formulation of the guideline for the offense to which he pleaded guilty: felon in possession of a firearm. See U.S.S.G. § 2K2.1. The court referred to Doering's "taking and holding [the victim] against her will, pointing a gun at her, beating her and humiliating her over a three day period." Doering contends that the departure on this ground was inappropriate because the court had already increased Doering's base offense level by two points under U.S.S.G. § 3A1.3 (physical restraint of victim) for the same conduct.
 
 
 6
 Doering's argument fails. The departure was not simply for physical restraint but the district court specified it was pursuant to U.S.S.G. § 5K2.8, which authorizes departure for "extreme conduct." Under that section, extreme conduct includes "gratuitous infliction of injury, or prolonging of pain or humiliation." The conduct of the defendant over the three-day period provided adequate justification for the departure.
 
 
 7
 Doering contends that the district court erred by failing to explain its reasons for the degree of departure. In Lira-Barraza, we said that "to facilitate appellate review," the district court should explain "the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 751. Where the reasons given for the extent of departure are inadequate, the case must be remanded. United States v. Faulkner, 952 F.2d 1066 (9th Cir.1991).
 
 
 8
 Doering's sentence of 60 months exceeded the recommended Guideline range by 36 months. The district court adopted the reasoning set forth in the Supplemental Report prepared by the probation officer. Supplemental Report, Nov. 29, 1990, at 4. The probation officer based his recommendation on the court's factual findings that Doering had held the victim against her will, had pointed a gun at her, and had beaten and humiliated her over a three-day period. The officer examined the Guideline provisions for the offense of kidnapping, which provide a base offense level of 24, to be increased by two levels if a dangerous weapon was used. U.S.S.G. §§ 2A4.1(a), 2A4.1(b)(3). With the base offense level of 26 and Doering's criminal history category of V, the Guideline range would have been 110-137 months, had Doering been convicted of kidnapping. See Sentencing Table, U.S.S.G.
 
 
 9
 Doering argues that appropriate analogies may be made only to the specific offense characteristics of assault or kidnapping, not to the base offense levels provided for assault or kidnapping. See U.S.S.G. §§ 2A2.1, 2A2.2, 2A4.1. At sentencing, Doering's counsel contended that application of those specific offense characteristics to Doering's base offense level of nine would result in a base offense level of 13 and Guideline range of 30-37 months. This approach accounts for use of a firearm, e.g., § 2A2.2(b)(2), and for bodily injury, e.g., § 2A2.2(3), but not for the prolonged three-day mistreatment and humiliation of the victim.
 
 
 10
 We hold that the upward departure was reasonable and properly guided by consideration of the Guidelines' provisions for the relevant conduct. The district court adequately explained the degree of its departure when it sentenced Doering to five years.
 
 
 11
 AFFIRMED.
 
 
 12
 POOLE, Circuit Judge, dissenting.
 
 
 13
 Because the district court departed upward based on a dismissed count, I respectfully dissent.
 
 
 14
 Doering was charged with one count of kidnapping in violation of 18 U.S.C. § 1201(a), one count of receiving a stolen firearm in violation of 18 U.S.C. § 922(j), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He subsequently pleaded guilty to being a felon in possession of a firearm.
 
 
 15
 The district court first increased Doering's base offense level by two points under U.S.S.G. § 3A1.3, which provides that a district court must increase the base offense level by two points "[i]f a victim was physically restrained in the course of the offense." The district correctly increased the base offense level under section 3A1.3 because a victim was physically restrained in the course of the offense. Doering concedes that the district court calculated the base offense level properly.
 
 
 16
 The problem is that the district court then departed upward, referring to Doering's "taking and holding [the victim] against her will, pointing a gun at her, beating her and humiliating her for a three day period." The majority concludes that the departure was permissible under U.S.S.G. § 5K2.8, which provides for an upward departure if the "defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim." I disagree.
 
 
 17
 Under section 5K2.8, an upward departure is permissible only if the defendant's conduct to "the victim" is heinous. It is one thing to adjust the offense level under section 3A1.3 if "a victim" is restrained during the offense of being a felon in possession of a handgun; it is altogether different to depart upward under section 5K2.8 for egregious conduct to "the victim" when the crime is felon in possession of a handgun, which essentially is a victimless crime. Thus, section 5K2.8 does not provide a basis for upward departure.
 
 
 18
 Moreover, the district court's justification for departure makes it clear that the court departed upward based on the dismissed kidnapping count. Under the law of this circuit, this is improper. See United States v. Fine, 975 F.2d 596, 602 (9th Cir.1992) (en banc).
 
 
 19
 Fine was not an upward departure case. Instead, it involved the determination of the base offense level based on relevant conduct in dismissed counts of a common plan or scheme. Id. at 598-99. Fine does not alter the rule that a district court cannot depart upward based on dismissed counts. See id. at 602 (citing United States v. Faulkner, 952 F.2d 1066 (9th Cir.1991); United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990)).
 
 
 20
 Here, the dismissed kidnapping count is not relevant conduct under U.S.S.G. § 1B1.3, the relevant conduct guideline. Thus, they cannot be used to calculate the offense level. Under the law of this circuit, the district court could not depart upward based on section 5K2.8 based on the dismissed count. Accordingly, I dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3